IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANABEL GILLIAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | CV-21- |
| ) | |
| NORTHPORT HEALTH ) | |
| SERVICES d/b/a SENIOR CARE ) | |
| PHARMACY, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

**I.   INTRODUCTION**

This complaint alleges violations of the Age Discrimination in Employment Act ("ADEA").   Plaintiff alleges that Defendant discriminated against her because of her age and terminated her employment in retaliation for making complaints of age discrimination.   This action seeks both equitable relief and damages.

**II.   JURISDICTION**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and 2202, 29 U.S.C. §794a, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §12117.   Venue is proper pursuant to 28 U.S.C. §1391.   Additionally, the

1

jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4), and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 *et seq*. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 29 U.S.C. §621 *et seq*. providing for injunctive and other relief against age discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under 29 U.S.C. § 794 *et seq*. and 42 U.S.C. §12117. Plaintiff timely filed her charge of discrimination and also timely filed this complaint within ninety days (90) of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

## II. PARTIES

3. Plaintiff, Anabel Gilliam, is a sixty-five-year-old Caucasian female, who is citizen of the United States and a resident of the State of Alabama. Plaintiff was employed by Defendant at its Tuscaloosa, Tuscaloosa County, Alabama location.

4. Defendant, Northport Health Services d/b/a Senior Care Pharmacy, Inc., is an employer within the meaning of the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 *et seq.*

### III.    FACTUAL ALLEGATIONS

5.      Plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6.      Plaintiff worked for the defendant as a Customer Care Representative beginning in 1996.

7.      At the time of the plaintiff's termination, on February 18, 2021, she had been employed with Defendant for forty-five (45) years.

8.      Plaintiff was subjected to age related comments by the Executive Director and by the Human Resources Director.

9.      Plaintiff was subjected to unfair treatment, heightened scrutiny, discipline, and termination.

10.     Plaintiff complained about the comments, conduct, and treatment she was subjected.

11.     Younger employees and those who did not complain were not subjected to the same treatment as Plaintiff was.

12.     Plaintiff complained of the difference in treatment and was retaliated against.

13.     Plaintiff also complained to Human Resources and Human Resources was aware of her complaints to her supervisor.

14. During a meeting with Human Resources, Plaintiff again complained of age discrimination, the difference in treatment, being singled out and of retaliation.

15. During this meeting, the Human Resources Director made age related comments and informed Plaintiff that she would not be investigating her complaints.

16. The next day, Plaintiff was terminated.

17. Defendant does not have a legitimate non-discriminatory, non-retaliatory reason for its conduct.

**IV.   CAUSES OF ACTION**

**A.   AGE DISCRIMINATION**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 with the same force and effect as if fully set out in specific detail hereinbelow.

19. In February 2021, Plaintiff was a 64-year-old female and a member of the protected class under the ADEA.

20. Plaintiff was subjected to discrimination related to termination, discipline, heightened scrutiny, and age-related comments.

21. Plaintiff was subjected to age related comments by the Executive Director and by Human Resources.

22. On February 18, 2021, Defendant terminated Plaintiff because of her

age in violation of the ADEA as set out in the above factual allegations.

23. Defendant's reasons for its actions, including Plaintiff's discipline and termination, were pretext for age discrimination.

24. Defendant does not have a non-discriminatory reason for its conduct.

25. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

26. Defendant's actions were willful, with malice and with reckless disregard.

27. Plaintiff seeks to redress the wrongs alleged herein, and this suit is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.  RETALIATION**

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-27 with the same force and effect as if fully set out in specific detail hereinbelow.

29. Plaintiff engaged in protected activity by complaining of discrimination and different treatment than younger co-workers.

30. Defendant disciplined and terminated Plaintiff following her complaints of age discrimination.

5

31. A causal connection exists between Plaintiff's protected activity and the adverse action.

32. Defendant's reasons for its actions, including Plaintiff's discipline and termination, were pretext for retaliation.

33. Defendant does not have a legitimate non-retaliatory reason for its conduct.

34. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

35. Defendant's actions were willful, with malice and with reckless disregard.

36. Plaintiff seeks to redress the wrongs alleged herein and this suit is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial by jury:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant are violative of Plaintiff's

rights as secured by the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights pursuant to the Age Discrimination in Employment Act.

3. Enter an Order awarding the Plaintiff reinstatement, back-pay, front pay, and liquidated damages.

4. Award Plaintiff reasonable costs, attorney's fees, and expenses.

5. Award such other relief and benefits as the cause of justice may require.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Counsel for the Plaintiff
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Email: rcalamusa@wigginschilds.com

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

**DEFENDANT'S ADDRESS:**
**Northport Health Services d/b/a**
**Senior Care Pharmacy, Inc.**
**c/o Edward R. Christian, Reg. Agent**
**420 N. 20th Street, Ste. 3100**
**Burr & Forman, LLP**
**Birmingham, AL 35203**